LODGED

OCT 05 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

1  Steven Wayne Bonilla
2  California Medical Facility
3  J-48500, T-203
4  P.O. Box 2000
5  Vacaville, CA 95696
6
7              United States District Court
8              Eastern District of California
9
10  Steven Wayne Bonilla,          Case No. 2:23-CV-2250-TLN-KJN
11  Plaintiff / Petitioner,
12              v                  Motion to Compel Ruling
13  Placer County
14  Superior Court,                - Expedited Review Required -
15  Defendant
16
17
18
19              Introduction
20  A court can not exercise jurisdiction/authority in any
21  instant until after it has acquired it and it can acquire it
22  ONLY in the mode prescribed by statute [217 Cal. App. 2d 247, 255].
23  And in the case of a reviewing court, the reviewing court must
24  not only have its own jurisdiction, but also that of the
25  court under review. [523 US 83]. Otherwise the court/judge,
26  is ruling from the bench in an underground policy of attainder;
27  while acting under the color of Law and authority, to deprive
28  pro se, indigent prisoners, of a minority class, of their

-1-

1  guaranteed Constitutional Civil Rights to due process
2  and equal protection of the law. Which is the case here.
3                Section I - FABRICATED EVIDENCE
4  The court under review, the Alameda County Superior
5  Court, Case no. H-12210-A, lacked jurisdiction. Because
6  all of the evidence presented by the Alameda County
7  District Attorney's Office was FABRICATED. Being the
8  fruit of a Federal Grand Jury subpoena for the Petitioner's
9  records, that NEVER EXISTED. As "ADMITTED TO," by the
10 FBI, under a federal court order in Case No. C-02-0636 MHP.
11 Such fraud vitiates everything including the
12 judgment, [30 Cal. 439]. Which makes the Alameda County
13 judgment void on its face and subject to collateral attack
14 at any time and in any place, [148 Cal. App. 2d 845], ANYWHERE,
15 [28 F. Supp. 462]. Which makes it the duty of the
16 reviewing court to declare the judgment null and
17 void. [F.R.Civ.P. 12 (h)(3); 99 Cal. App. 2d 523]. The adequacy of the
18 court's subject matter jurisdiction must be addressed
19 whenever that issue comes to the court's attention. [154
20 Cal. App. 4th 40]. Whether the court be of inferior or
21 superior jurisdiction. [49 S2d 906; 27 Cal. 300].
22                Section II - NO JURISDICTION
23 Where there is no jurisdiction over subject matter,
24 there is, as well, no discretion to ignore that lack of
25 jurisdiction. See F.R. Civ. P. 12 (h)(3) - the court must
26 dismiss the action. [474 F. 2d 215, 219]. It can not close
27 the case and have the filings returned, or claim the
28 Petitioner a vexatious litigant, [63 Cal. 4th 917], or any other

such ruling to ignore the court's lack of jurisdiction. No excuse is permissible, when the jurisdictional question has been raised. [80 U.S. 335]. And a party can not be precluded from raising the jurisdictional question for any reason. [67 FRD 22, 25; 116 F. 2d 449].

### Section III - Ruling Without Jurisdiction

A court lacking jurisdiction can not render judgment but must dismiss the cause at any stage of the proceedings. [495 F. 2d 906]. The rule is, that where a limited tribunal takes upon itself to exercise a jurisdiction which does not belong it, its decision amounts to NOTHING, and does not create a necessity for an appeal. [49 US 495, 543].

The reviewing court's jurisdiction is limited to reversing the trial court's void judgment, [35 Cal. 4th 180], forthwith, [404 F. Supp. 664, 665]. Therefore, it must be concluded that the Petitioner has never received a proper ruling to his attack on the trial court's lack of jurisdiction.

### Relief Requested

1) That the court compel the defendant(s) to prove that they acquired jurisdiction to render their judgment by proving that the FBI lied under oath, that the subpoena NEVER EXISTED, or pronounce the Alameda County judgment in Case No H-12210-A, null and void forthwith, as a matter of statutory law.

### Verification

I declare under penalty of perjury that the forgoing is true and correct, pursuant to 28 USC § 1746 on September 20, 2023

Respectfully Submitted

Steven W. Bonilla

PROOF OF SERVICE BY MAIL

I declare that I served a true copy of the attached petition, by mail addressed to

Court-Placer
10820 Justice Center Drive
Roseville, CA 95678
On 9-21-23

Verification

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 USC § 1746

Dated: 9-21-23

Steven W. Bonilla